370 So.2d 66 (1979)
Daniel PAHUD, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2539.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
*67 Richard L. Jorandby, Public Defender, and Wilbert Stevenson, Jr., Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In this case, the appellant was convicted of two counts of lewd assault on a child and sentenced to two concurrent twenty-year terms of imprisonment, notwithstanding that the statutory maximum was ten years as to each count. This excess was arrived at under the old child molester act which in 1969 was found in Chapter 801 of the Florida Statutes. It provided that any person properly convicted under an offense within the meaning of the chapter, could be sentenced to a term not to exceed twenty-five years. However, a condition precedent to any such sentencing was a court ordered psychiatric examination, which was never actually carried out.
Thereafter, in 1977 the defendant moved to vacate the sentences for lack of said examination as a result of which the sentences were vacated. At the new sentencing hearing the judge re-sentenced the defendant to two ten-year terms to run consecutively.
We would be inclined not to view this as an enhanced sentence for we see little if any difference in the result. In both events the sentence is twenty-years imprisonment. However, our research of the case law on the subject would indicate that we must reverse.
It appears that where a court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal, or authorized, portion of the sentence void, but only leaves such portion of the sentence as may be excessive, open to modification. In other words, the sentence is legal so far as it is within the provisions of the statute and only void as to the excess. Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1874); United States v. Pridgeon, *68 153 U.S. 48, 62, 14 S.Ct. 746, 38 L.Ed. 631 (1894); Duggins v. United States, 240 F.2d 479 (6th Cir.1957); Kennedy v. United States, 330 F.2d 26 (8th Cir.1964).
Moreover, a court may not increase or make more severe the valid portions of any sentence originally imposed if service of the legal portion of the sentence has commenced. Ex parte Lange, supra; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1930); United States v. Best, 571 F.2d 484 (9th Cir.1978); Duggins, supra; Kennedy, supra; Brown v. State, 264 So.2d 28 (Fla. 1st DCA 1972). Since the concurrent term of the sentences first imposed was a valid portion of those sentences, the change thereof to consecutive terms is held to have increased petitioners punishment. Kennedy, supra; Duggins, supra; United States v. Best, supra.
According to the above authority an exception to the general rule cannot be made even though the purpose of the "increase" is to carry out the purportedly original intention of the trial judge to impose a twenty-year term. Kennedy, supra; Duggins, supra; United States v. Sacco, 367 F.2d 368 (2d Cir.1966). See also Brown v. State, supra.
Therefore this cause is reversed and remanded for the entry of a corrected sentence in accordance herewith.
REVERSED AND REMANDED.
DOWNEY, C.J., and LETTS and MOORE, JJ., concur.