BERANEK, Judge.
Defendant appeals from two concurrent thirty-year sentences for burglary and attempted sexual battery imposed after remand from this court for resentencing in State v. Pizarro, 383 So.2d 762 (Fla. 4th DCA 1980). We affirm.
At the original sentencing, the judge ruled over the State’s objection that the sentencing provisions of the Youthful Offender Act, Section 958.05, Florida Statutes (1979), were mandatory since defendant met the criteria under Section 958.04(2), Florida Statutes (1979).[1] The trial court *1365 sentenced defendant to the maximum under the Act, six years — four years in the Department of Corrections and two years in a Community Control Program.
The State appealed that sentence to this Court pursuant to Florida Rule of Appellate Procedure 9.140(c)(l)(I) arguing that application of the Youthful Offender Act to defendant was discretionary not mandatory and improperly retroactive. This Court vacated the sentence and remanded for resen-tencing holding the Act did not apply because it could not alter punishment for crimes committed before its effective date.
On remand, defendant was sentenced to concurrent thirty-year terms in prison. Defense counsel maintained below and argues before this Court that such an increase in sentence after appeal is unlawful in that a court may not increase valid portions of any sentence it imposes if service of the legal portion of the sentence has begun. For this proposition defendant relies upon Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979).
In Pahud, defendant was convicted of two counts of lewd assault on a child and sentenced to two concurrent twenty-year terms of imprisonment. Although the maximum for each count was ten years, the applicable statute provided for a maximum twenty-five year sentence after a court ordered psychiatric examination. Defendant later moved to vacate his sentence because such an examination was never made. The trial court vacated the sentence, imposing instead two ten year sentences to run consecutively. Defendant appealed and this Court held that since he had already begun serving the concurrent term of the sentence the change to consecutive terms increased the sentence. Relying upon Ex parte Lange, 18 Wall 163, 86 U.S. 163, 21 L.Ed. 872 (1874), and United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1930), this Court concluded that a sentence may not be increased once service has commenced and, therefore, vacated the sentence.
The United States Supreme Court in United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), delivered an opinion holding that a sentence may be validly increased after the Government’s appeal from a sentence imposed under The Organized Crime Control Act of 1970. In DiFrancesco, defendant was convicted of Federal racketeering offenses and he received a total of nine years imprisonment. The Government then sought an increased sentence because defendant was a “dangerous special offender.” Under the Organized Crime Control Act, a convicted “dangerous special offender” as defined by the Act may receive an increased sentence and the Government may under certain conditions appeal that sentence. 18 U.S.C. §§ 3575-3576. DiFrancesco received two ten-year terms as a dangerous special offender to run concurrently with his previous nine-year sentence. This amounted to an increase of only one year and the Government appealed claiming this was insufficient enhancement. The Second Circuit dismissed the appeal on the grounds that subjecting defendant to a greater sentence after an appeal by the Government violated double jeopardy. United States v. DiFrancesco, 604 F.2d 769 (2d Cir. 1979). The Supreme Court disagreed finding that an increased sentence after such appeal does not violate double jeopardy.
The double jeopardy clause of the fifth amendment protects both against second prosecutions for the same offense after acquittal or conviction and against multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).[2] DiFrancesco concludes that the pronouncement of sentence does not carry the finality *1366 that attaches to an acquittal thus the Government’s appeal from a sentence does not violate double jeopardy’s protection from multiple trials. Similarly, it holds that the increase of a sentence after appeal does not violate the prohibition against multiple punishments. In reaching this latter conclusion, the Court discusses its prior decisions in Ex parte Lange, supra, and United States v. Benz, supra, both of which were relied upon by this Court in Pahud, supra.
DiFrancesco stated as follows in this regard:
We turn to the question whether the increase of a sentence on review under § 3576 constitutes multiple punishment in violation of the Double Jeopardy Clause. The Court of Appeals found that it did. 604 F.2d, at 784-787. This conclusion appears to be attributable primarily to that court’s extending to an appeal this Court’s dictum in United States v. Benz, 282 U.S. 304, 307 [51 S.Ct. 113, 114, 75 L.Ed. 354] (1931), to the effect that the federal practice of barring an increase in sentence by the trial court after service of the sentence has begun is constitutionally based. The real and only issue in Benz, however, was whether the trial judge had the power to reduce a defendant’s sentence after service had begun. The Court held that the trial court had such power. It went on to say gratuitously, however, id., at 307-308 [51 S.Ct. at 114], and with quotations from a textbook and from Ex parte Lange, 18 Wall., at 167, 173, that the trial court may not increase a sentence, even though the increase is effectuated during the same court session, if the defendant has begun service of his sentence. But the dictum’s source, Ex parte Lange, states no such principle. In Lange the trial court erroneously imposed both imprisonment and fine, even though it was authorized by statute to impose only one or the other of these two punishments. Lange had paid the fine and served five days in prison. The trial court then resentenced him to a year’s imprisonment. The fine having been paid and the defendant having suffered one of the alternative punishments, “the power of the court to punish further was gone.” Id., at 176. The Court also observed that to impose a year’s imprisonment (the maximum) after five days had been served was to punish twice for the same offense. Id., at 175. The holding in Lange, and thus the dictum in Benz, are not susceptible of general application. We confine the dictum in Benz to Lange’s specific context .... [Emphasis supplied.]

The guarantee against multiple punishment that has evolved in the holdings of this Court plainly is not involved in this case. As Ex parte Lange demonstrates, a defendant may not receive a greater sentence than the legislature has authorized. No double jeopardy problem would have been presented in Ex parte Lange if Congress had provided that the offense there was punishable by both fine and imprisonment even though that is multiple punishment. (449 U.S. at 138, 101 S.Ct. at 438).
We perceive the instant case to be controlled by DiFrancesco and distinguishable from Pahud. The facts in Pahud are more closely akin to Lange. In Pahud, as in Lange, defendant received a greater sentence than was authorized by law, twenty years, because he had not received a psychiatric evaluation. In response to a motion to vacate, the Court reduced the terms to an authorized length, ten years, but changed the terms to run consecutively, resulting in the same twenty-year sentence. The change from concurrent to consecutive terms was properly deemed an increase in sentence. To approve such an action by the trial court would allow the court to punish defendant for his successful challenge of an illegal sentence. As established by North Carolina v. Pearce, supra, a defendant may not be punished for the successful appeal of his conviction by having his sentence increased after reconviction. To increase the sentence after retrial, the court must articulate some events subsequent to the original sentence which justify the increase.
*1367 In the instant ease, the State appealed the sentence imposed under the Youthful Offender Act. Such appeal is authorized by the Appellate Rules and we have previously found the Youthful Offender Act inapplicable to this case. DeFrancesco clearly authorizes an increase in sentence after the Government’s appeal from a sentence where such a right to appeal is provided by law. We have distinguished this Court’s decision in Pahud and limit it to its context. The sentences herein are, therefore, affirmed.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.

. The Youthful Offender Act formerly provided under Section 958.04(2) that if defendant met certain criteria he “shall be classified a youthful offender." This has been interpreted as directory. Evans v. State, 398 So.2d 1018 (Fla. 5th DCA 1981); Goodson v. State, 392 So.2d *1365 1335 (Fla. 1st DCA 1980). Section 958.04 was rewritten effective October 1, 1980, eliminating the mandatory language.

. The Florida Supreme Court has recently held that double jeopardy’s protection against a second prosecution after conviction barred a second prosecution under the Rico Act for keeping a house of ill repute. Carlson v. State, 405 So.2d 173 (Fla.1981). That protection is not violated here as discussed in DiFrancesco.