COBB, Judge.
Appellant Gilbert was convicted and sentenced for both first-degree robbery (robbery while carrying a deadly weapon, i.e., a tire iron), and aggravated battery (battery with a deadly weapon, the tire iron). The information charged:
COUNT I
CHARGE: ROBBERY, in Violation of F.S. 812.13(1) & (2)(a)
SPECIFICATIONS OF CHARGE: In that WILLIAM JOSEPH GILBERT, on or about the 8th day of November, 1980, at or near Daytona Beach within Volusia County, Florida, did unlawfully by force, violence, assault or putting in fear, take certain property, to-wit: U.S. currency, of a value more than One ($1.00) Dollar, the property of Kevin Daley Hawley, and in the course of committing said robbery, carried a firearm or deadly weapon, to-wit: a tire iron.
COUNT II
CHARGE: AGGRAVATED BATTERY, in Violation of F.S. 784.045(l)(b)
SPECIFICATIONS OF CHARGE: In that WILLIAM JOSEPH GILBERT, on or about the 8th day of November, 1980, at or near Daytona Beach within Volusia County, Florida, did unlawfully commit a battery upon Kevin Daley Hawley, to-wit: by actually touching or striking said Kevin Daley Hawley against his will, and in commission of said battery did use a deadly weapon, to-wit: a tire iron.
At the close of the state’s case, and again at the close of all the evidence, Gilbert’s counsel moved for a directed verdict on Count II, arguing the battery was a lesser included offense of the robbery. Concluding that “the State’s case taken at its best would support not only a robbery but also an aggravated battery,” the trial court denied the motions.
The case went to the jury, and it found Gilbert guilty on both counts. The trial court adjudicated Gilbert guilty of both crimes and later sentenced him on both. Gilbert timely appeals.
Gilbert’s principal contention is that the trial court erred by convicting and sentencing him for both crimes. He argues: “To convict Appellant of robbery in this case, the State had to prove that Appellant beat Kevin Hawley with a tire iron.” Clearly, under the allegations of the two counts, this is not true. The two counts of the information charged separate and discrete crimes. See Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, Florida statutory law permits separate convictions and sentences based on the pleadings. See § 775.021(4), Fla.Stat. (1979).
The appellant also contends that, despite the pleadings, the proof at trial shows that it was not the mere carrying of the tire iron that facilitated the robbery, but the use of it by striking the victim with it— thus rendering Count II a “category four” lesser included offense of Count I under Brown v. State, 206 So.2d 377 (Fla.1968). See also Mahaun v. State, 377 So.2d 1158 (Fla.1979). Therefore, says appellant, under the aforesaid Florida statute, a separate sentence for the lesser offense of aggravated battery is precluded. See State v. Hegstrom, 401 So.2d 1343 (Fla.1981).
The state responds to this argument that there was proof adduced at trial that the victim was struck by the tire iron after his property was taken. We find that the record supports the state in this regard. Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980).
Accordingly, Hegstrom does not apply to the instant case, and we find that the appellant was properly convicted and sentenced for both offenses: robbery and aggravated battery.
Appellant’s remaining point on appeal— that the trial judge erred by instructing the jury on the unexplained possession of recently stolen property — is lacking in mer *611 it and, additionally, was not properly preserved for appellate review.
AFFIRMED.
ORFINGER and SHARP,'jj., concur.