436 So.2d 435 (1983)
Curtis E. BROOMFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-215.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Debra Mann, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
On rehearing, the following opinion is substituted for the opinion issued on March 9, 1983.
The defendant was charged by information with the offenses of armed robbery and grand theft. He was tried, convicted and sentenced on both counts.
On appeal, the defendant maintains that the prosecutor made an improper argument to the jury that the release of the defendant would foster similar criminal activity. *436 Whether the comment constitutes harmful error must be determined by consideration of its effect when viewed in context with other circumstances appearing in the record. Darden v. State, 329 So.2d 287 (Fla. 1976), cert. denied, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). Although our review of the record discloses no support for the prosecutor's comment, the error is harmless in view of the overwhelming evidence of guilt in this case.
The defendant next contends that he cannot be convicted and sentenced for armed robbery and also convicted and sentenced for grand theft. We agree. The offense of grand theft is a lesser offense included in the offense of armed robbery. See Brown v. State, 206 So.2d 377 (Fla. 1968); James v. State, 399 So.2d 424 (Fla. 5th DCA 1981). In light of Bell v. State, Fla., 437 So.2d 1057 (1983), we reverse both the conviction and sentence for grand theft.
This cause is remanded to the trial court with instructions to vacate the conviction and the sentence for grand theft.
LETTS, C.J., BERANEK and DELL, JJ., concur.