PER CURIAM.
The defendant was charged by information and convicted with the offenses *587 of armed robbery, contrary to Florida Statute, Section 812.13(1) and (2)(a); aggravated battery, contrary to Florida Statute, Section 784.045; and grand theft, contrary to Florida Statute, Sections 812.014(l)(a), 812.014(l)(b), and 812.014(2)(b). Sentencing was entered for all convictions but that of grand theft. The defendant argues that his conviction for grand theft cannot stand because it is the lesser included offense of armed robbery. We agree and reverse the grand theft conviction. Broomfield v. State, 436 So.2d 435 (Fla. 4th DCA 1983); Bell v. State, 437 So.2d 1057 (Fla.1983).
The defendant also argues that his conviction and sentencing for aggravated battery cannot stand because it too is a lesser included offense of the armed robbery conviction. We do not agree. We affirm upon the authority of Gaylord v. State, 413 So.2d 72 (Fla. 2d DCA 1982); Gilbert v. State, 410 So.2d 609 (Fla. 5th DCA 1982).
Accordingly, this cause is remanded to the trial court with instructions to vacate the conviction of grand theft.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.
HURLEY, DELL and WALDEN, JJ., concur.