PER CURIAM.
Nash appeals on double jeopardy grounds the convictions and sentences for armed robbery and grand theft rendered in the Broward County Circuit Court. We reverse.
Nash stole, at knifepoint, an automobile in Broward County and drove the vehicle into Palm Beach County. He was arrested, charged, convicted and sentenced for grand theft in Palm Beach County. Broward County then charged Nash with armed robbery and grand theft for the theft of the same automobile. The record does not disclose why the State Attorneys’ Office for Palm Beach County did not confer with the Broward County State Attorney prior to filing its charge against Nash in Palm Beach County. The Broward County Circuit Court denied Nash’s motion to dismiss both the grand theft and armed robbery counts of the information and convicted and sentenced Nash on both counts.
*148 The state concedes that Nash’s Bro-ward County grand theft conviction and sentence must be vacated on double jeopardy grounds because it constitutes the same offense as does his prior Palm Beach County grand theft conviction and sentence. We agree and reverse the Broward County conviction of grand theft. Section 910.-11(2), Florida Statutes (1987), bars the prosecution of an offense in one county when a person has been previously acquitted or convicted of the same offense in another county.
We further hold that Nash’s Bro-ward County armed robbery conviction and sentence must also be vacated on double jeopardy grounds. A defendant cannot be convicted of both grand theft and armed robbery based on the same underlying act since grand theft is a lesser included offense of armed robbery. See Carawan v. State, 515 So.2d 161 (Fla. 1987); State v. Bing, 514 So.2d 1101 (Fla.1987); Young v. State, 454 So.2d 586 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 116 (Fla.1985). Here, Nash’s armed robbery and grand theft convictions were based upon a single underlying act — the theft of the automobile in Broward County. Double jeopardy considerations mandate that Nash's Broward County conviction for the greater included offense of armed robbery be vacated.
The state maintains that section 775.-021(4), Florida Statutes, as recently amended on July 1, 1988, controls and requires affirmance of Nash’s armed robbery conviction. This court held in Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988), that section 775.021(4) should not be applied retroactively. See also Rivera v. State, 547 So.2d 140 (Fla. 4th DCA 1989); Johnson v. State, 535 So.2d 651, 653 n. 3 (Fla. 3d DCA 1988); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988).
Finally, we hold that the trial court improperly assessed costs and trust fund monies against Nash without notice and a hearing prior to the assessment of same. See Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984); Ivey v. State, 519 So.2d 648 (Fla. 4th DCA 1988).
REVERSED.
HERSEY, C.J., GLICKSTEIN and DELL, JJ., concur.