570 So.2d 1032 (1990)
Jay McMULLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2642.
District Court of Appeal of Florida, Fourth District.
November 21, 1990.
*1033 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the appellant's sentence and remand for resentencing because the appellant was sentenced beyond the statutory maximum and costs were imposed without notice or a hearing.
The appellant, Jay McMullen, was charged with three counts of sexual battery on May 15, 1989. McMullen plead guilty to three counts of attempted sexual battery and entered into a plea agreement on that same date. The plea agreement included a sentence of fifty (50) years in Florida State Prison followed by ten years probation with special conditions. The appellant stipulated to the upward departure in sentence. In exchange, the State reduced the charge from three counts of sexual battery upon a child to three counts of attempted sexual battery upon a child pursuant to § 777.04(4)(a), Florida Statutes (1989). On September 1, 1989, the appellant was sentenced to fifty (50) years in prison to be followed by ten (10) years of probation for each count. The appellant timely filed an appeal of the sentence.
The State concedes that the appellant's sentence, fifty (50) years imprisonment and ten (10) years probation, consecutively, was beyond the statutory maximum of thirty (30) years for each count of attempted sexual battery upon a child. The sentence is thus, vacated and remanded for resentencing pursuant to Florida Statutes, § 794.011(2) and § 777.04(4)(a).
The failure to file written reasons for an upward departure sentence, in the present case, does not constitute reversible error. A plea bargain can constitute valid reason for upward departure in sentencing. Quarterman v. State, 527 So.2d 1380 (Fla. 1988) As it has been stated, "it would be better form to state the negotiated plea as the written reason for departure, the plea is in the record and it alone justifies the enhanced penalty." Smith v. State, 553 So.2d 748 (Fla. 5th DCA 1989).
The present record reveals that the trial court imposed sentence against the defendant on September 1, 1989 subsequent to a hearing. There was no mention of the imposition of costs at that time. The imposition of Trust Fund costs were set out in the Final Judgment in the amount of $250.00. The trial court is hereby reversed and this cause remanded due to the imposition of costs without notice or a hearing. Nash v. State, 547 So.2d 147 (Fla. 4th DCA 1989); Patchin v. State, 544 So.2d 282 (Fla. 4th DCA 1989).
The appellant's sentence is reversed and remanded for resentencing.
REVERSED AND REMANDED FOR RESENTENCING.
ANSTEAD, GUNTHER and WARNER, JJ., concur.