573 So.2d 165 (1991)
Ronald JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1489.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Ronald Jones, was charged by information with the crime of grand theft, committed on July 29, 1988. On September 16, 1988, the state filed a "Notice of Intent to Seek Enhanced Penalty Pursuant to Florida's Habitual Felony Offender Statute."
On January 31, 1989, appellant executed a form entitled "Acknowledgement and Waiver of Rights." In this document, the appellant waived his right to a jury trial by pleading guilty. The document reflects that the maximum penalty for the offense, grand theft, is five years. The document also set forth the proposed disposition of the instant cause upon a plea of guilty as "10 years FSP" to be mitigated to two and one-half years FSP when appellant appeared for sentencing. The document was signed by appellant, an assistant public defender, and an assistant state attorney.
At a plea conference, held that same day, January 31st, the trial judge questioned Jones with regard to the Acknowledgment and Waiver of Rights form and found it to be voluntary. The guilty plea was accepted and sentencing scheduled for one week hence, after a week's furlough. The trial judge cautioned Jones that the intended ten-year sentence as an habitual offender would be mitigated at the sentencing only if he showed up at the appointed time.
When Jones failed to appear for the scheduled sentencing, he was rearrested. In due course, Jones's counsel moved to withdraw as counsel and Jones filed a motion to withdraw his guilty plea. The court denied the motion to withdraw the guilty plea after an evidentiary hearing; it found that Jones was fully informed of his rights and appreciated the effects of his plea. Accordingly, the court denied the motion, declared appellant to be an habitual offender, and sentenced him to ten years in prison. An amended guidelines score sheet was filed that reflected the departure from the guidelines recommended range of three and one-half to four and one-half years and noted the basis for the departure as "defendant declared habitual offender." No *166 other written grounds appeared in the record to support the departure.
On appeal, Jones contends the trial court erred in denying this motion to withdraw his guilty plea; in departing from the guidelines recommended sentence on the sole ground that Jones was an habitual offender; and in failing to set forth written findings to support the determination of habitual offender status.
We affirm the trial judge's actions in all respects. We hold that the plea-bargain agreement is a sufficient basis for the trial court to depart from the sentencing guidelines. Quarterman v. State, 527 So.2d 1380 (Fla. 1988). However, he chose as his written departure reason the adjudication of appellant as an habitual offender, an insufficient ground for departure from the guidelines, Whitehead v. State, 498 So.2d 863 (Fla. 1986); Winters v. State, 522 So.2d 816 (Fla. 1988); Tillman v. State, 525 So.2d 862 (Fla. 1988).
Despite the fact that the departure sentence cannot be based upon such invalid written reason, it can be based upon the plea-bargain agreement. Although the plea-bargain agreement was not set forth in writing as the basis for the departure sentence, it was clearly evident from the record that this was the case. As a result, the departure sentence was adequately supported by the plea-bargain agreement. McMullen v. State, 570 So.2d 1032 (Fla. 4th DCA 1990); Casmay v. State, 569 So.2d 1351 (Fla. 3d DCA 1990).
Accordingly, the departure sentence appealed from is affirmed.
DOWNEY, POLEN and GARRETT, JJ., concur.