PER CURIAM.
Appellant challenges a five (5) year sentence imposed after violation of probation. The transcript of the sentencing hearing reflects that appellant was adjudicated an habitual offender even though the written judgment (apparently incorrectly) does not so reflect.[1] In disposing of the appellant’s several cases at the sentencing hearing, it appears that no one noticed that this particular case fell within the ambit of the rule in Whitehead v. State, 498 So.2d 863 (Fla.1986) which, prior to the 1988 amendment to section 775.084, Florida Statutes, required written reasons for departure in order to sentence an habitual offender above the guidelines. See Bateman v. State, 566 So.2d 358 (Fla. 4th DCA 1990). The maximum guidelines sentence in the ease would have been 4V2 years. Because the record indicates that, due to appellant’s habitual offender status, the trial court was unaware that the guidelines applied to this case, the prohibition of Pope v. State, 561 So.2d 554 (Fla.1990) against a departure sentence on remand does not apply. See Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990); Fernandez v. State, 564 So.2d 272 (Fla. 2d DCA 1990). If the trial court wishes to depart from the guidelines and can state valid reasons to do so, a departure sentence would be proper. If the written sentence does incorrectly fail to reflect[2] the trial court’s judgment and sentence of appellant as an habitual offender, the error should also be corrected.
SENTENCE VACATED; REMANDED for resentencing.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.

. Appellant had agreed to be sentenced as an habitual offender in exchange for the state dropping two other cases; however, appellant’s plea agreement did not include an agreement to be sentenced above the guidelines. Compare Jones v. State, 573 So.2d 165 (Fla. 4th DCA 1991).

. The trial court’s findings of habitual offender status were adequate to meet the requirements of the statute. § 775.084, Fla.Stat. (1987).