631 So.2d 1126 (1994)
Jay McMullen, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2830.
District Court of Appeal of Florida, Fourth District.
January 26, 1994.
Rehearing Denied February 28, 1994.
*1127 Jay McMullen, pro se appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Jay Allen McMullen appeals from denial of his motion for relief from an illegal sentence as permitted by rule 3.800(a), Florida Rules of Criminal Procedure. Appellant was originally sentenced to fifty years in prison and ten years of probation on each of the counts of which he was convicted, the sentences to run concurrently. Because his sentence as originally imposed exceeded the statutory maximum, we reversed in McMullen v. State, 570 So.2d 1032 (Fla. 4th DCA 1990).
Appellant was resentenced upon remand to a thirty year prison term on Count I, to twenty years on Count II, and to ten years probation on Count III, but with these sentences to run consecutively. This prompted the present appeal.
We reverse and remand for resentencing. In the absence of unusual circumstances (and none were present here) it is improper to increase a defendant's punishment by changing concurrent terms to consecutive terms at a resentencing required by reversal of an original sentence. Bruno v. State, 596 So.2d 1205 (Fla. 4th DCA 1992); Tannihill v. State, 559 So.2d 608 (Fla. 4th DCA 1990); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979).
We find no other errors in the sentence.
REVERSED AND REMANDED.
HERSEY, WARNER and KLEIN, JJ., concur.