PER CURIAM.
Craig Moore appeals the denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion alleges the court violated the terms of his plea agreement when it sentenced him to consecutive terms of incarceration. Because neither the trial court’s order nor the record before us adequately refutes this claim, we reverse.
Moore pleaded guilty to a charge of lewd and lascivious conduct in the presence of a child under the age of sixteen years, and to two charges of attempted sexual battery. Pursuant to his plea agreement, Moore was given concurrent sentences totaling thirty-five years’ imprisonment followed by ten years’ probation. Sometime after sentencing, Moore filed a motion alleging his sentences were illegal. The court granted the motion and resentenced Moore to a total of thirty-five years’ imprisonment followed by ten years’ probation, utilizing consecutive sentences rather than concurrent. The overall length of Moore’s punishment did not change.
According to Moore, part of the reason he consented to the plea agreement was because it called for concurrent sentences. He argued the trial court violated his agreement because he might ultimately serve more time in prison with consecutive sentences than he would have with concurrent sentences. This could occur, Moore claimed, even though the total length of his sentences did not change when the court resentenced him. Moore argued the court’s resentencing scheme violated his plea agreement because of this possibility of increased punishment. See McMullen v. State, 631 So.2d 1126 (Fla. 4th DCA 1994) (disapproving of court imposing consecutive sentences on resentencing after defendant’s original concurrent sentences were found to be illegal, even though total length of defendant’s sentence did not change). When passing upon Moore’s motion, the trial court found that it had the authority to resentence Moore to consecutive sentences. It did not address, however, whether the exercise of that authority would be consistent with the terms of Moore’s plea agreement.
It is impossible for us to determine whether Moore’s argument has any merit because the trial court’s order is silent as to the terms of Moore’s plea agreement and the order has no record attachments. Furthermore, the trial court’s order mentions a response from the State, but it does not adopt any portions of that response. We do not know what offense or offenses Moore was charged with before he entered his negotiated plea. We do not know what effect, if any, the consecutive sentencing structure may have on his release date. Although we doubt Moore had sufficient expertise to fully understand the future ramifications of concurrent versus consecutive sentences when he accepted his plea, we have nothing before us that refutes Moore’s facially sufficient claim. Thus, we have no choice but to reverse and remand this case for further consideration by the trial court.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON and ALTENBERND, JJ., Concur.