731 So.2d 762 (1999)
Britt NORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0443.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
*763 Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
The issue posed by this appeal is whether, after reversal of concurrent sentences, a trial court can impose consecutive sentences. Although some decisions from this court hold that the trial court cannot, regardless of the length of the resentences, those decisions are based on federal law which predated North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969). Under Pearce there is no per se prohibition against consecutive sentences being imposed after reversal of concurrent sentences, so long as the Pearce prohibition against vindictive resentencing is not violated.
Appellant was convicted of armed burglary and aggravated battery, and sentenced to two fifteen year departure sentences, each followed by ten years probation, to run concurrently. We reversed because there were no findings which would support the departure sentences and remanded for resentencing within the guidelines. Norton v. State, 682 So.2d 1232 (Fla. 4th DCA 1996). At the resentencing hearing, the trial court gave appellant 8 years in prison for the armed burglary and 10 years probation for the aggravated battery, with the sentences to run consecutively.
Appellant relies on McMullen v. State, 631 So.2d 1126 (Fla. 4th DCA 1994), in which we applied a principle previously adopted by this court to the effect that where the original sentences are concurrent, the sentences on remand must also be concurrent, regardless of the length. We adopted that rule in Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979), relying on federal cases which supported that view.[1]
Several years after Pahud, the third district decided Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), in which Judge Pearson, in an in-depth opinion, demonstrated that the federal decisions we relied on in Pahud were not viable in light of Pearce, and recognized conflict with Pahud. Then, in Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), the Florida Supreme Court, without recognizing the conflict between Pahud and Herring, applied Herring and concluded that a trial court can change from concurrent to consecutive sentences on remand, so long as it does not violate Pearce. Herring was also cited with approval in Blackshear v. State, 531 So.2d 956 (Fla.1988).
It is thus clear that, although Pahud has not been expressly overruled, it is no longer good law.[2] In the present case, appellant's sentences on remand, although consecutive, are more lenient than the original sentences and clearly do not violate Pearce. We therefore affirm.
DELL and GROSS, JJ., concur.
NOTES
[1] Duggins v. United States, 240 F.2d 479 (6th Cir. 1957); Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964).
[2] Neither are McMullen, Williamson v. State, 569 So.2d 1368 (Fla. 4th DCA 1990), or Bruno v. State, 596 So.2d 1205 (Fla. 4th DCA 1992), all of which relied on Pahud.