824 So.2d 211 (2002)
Darryl EVERETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3083.
District Court of Appeal of Florida, First District.
July 16, 2002.
*212 Stanley H. Griffis, III, of Hulslander & Griffis, P.A., Gainesville, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Darryl Everett, appeals from the sentence imposed following his successful Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence. We vacate Everett's sentence, and remand for resentencing.
In 1999, Everett was found to have violated a probationary sentence which he was serving for four counts of lewd and lascivious assault or conduct, which offenses occurred between 1989 and 1992. His probation was revoked, and he was resentenced to four concurrent split sentences of seventeen years of incarceration, followed by ten years of probation. In response to the sentence, Everett filed a Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence, in which he argued the maximum sentence for each count could not exceed fifteen years of incarceration. At a hearing on the motion, the state conceded the four concurrent twenty-seven year split sentences were illegal. The state requested Everett be sentenced to consecutive terms, the aggregate of which should equal the original twenty-seven year sentence, including fifteen years of incarceration, followed by two years of incarceration, followed by ten years of probation, with credit for time served as to each count. The trial court declined to accept the state's recommendation, and sentenced Everett to consecutive sentences of fifteen years of incarceration on Count I, five years of incarceration on Count III, fifteen years of probation on Count V, and eight years of probation on Count VII, with credit for time served. Notwithstanding its sentence, the trial court stated it was not increasing Everett's sentence, but was attempting to impose the same sentence as that imposed at the 1999 sentencing.
The statutory maximum which may be imposed for second degree felonies occurring during the relevant period in this case is fifteen years of incarceration. § 775.082(3)(c), Fla. Stat. (Supp.1994). For offenses occurring prior to 1994, a trial court may not exceed the statutory maximum for an offense even if permitted by the guidelines scoresheet. See, e.g., Mays v. State, 717 So.2d 515 (Fla.1998).
The trial court erred in sentencing Everett to a total sentence of twenty years of incarceration followed by twenty-three years of probation because it increased Everett's sentence without citing affirmative reasons for the increase which were "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Thus, the trial court's sentence violates Everett's *213 due process rights. Crystal v. State, 689 So.2d 388 (Fla. 1st DCA 1997).
The state correctly conceded at the hearing on Everett's motion to correct illegal sentence and on appeal that the sentence imposed at the 1999 resentencing was illegal. The state also correctly argued, and the trial court found, that the trial court could impose consecutive sentences in order to effect the intent of the original sentencing court, as long as the newly imposed sentence was not longer than the originally imposed sentence. Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984). While Everett cites Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979), to support his argument on appeal that consecutive sentences cannot be imposed on resentencing where concurrent sentences were originally imposed, the Fourth District has specifically stated the following:
Appellant relies on McMullen v. State, 631 So.2d 1126 (Fla. 4th DCA 1994), in which we applied a principle previously adopted by this court to the effect that where the original sentences are concurrent, the sentences on remand must also be concurrent, regardless of the length. We adopted that rule in Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979), relying on federal cases which supported that view. [Footnote omitted.]
Several years after Pahud, the third district decided Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), in which Judge Pearson, in an indepth opinion, demonstrated that the federal decisions we relied on in Pahud were not viable in light of Pearce, and recognized conflict with Pahud. Then, in Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), the Florida Supreme Court, without recognizing the conflict between Pahud and Herring, applied Herring and concluded that a trial court can change from concurrent to consecutive sentences on remand, so long as it does not violate Pearce. Herring was also cited with approval in Blackshear v. State, 531 So.2d 956 (Fla.1988).
It is thus clear that, although Pahud has not been expressly overruled, it is no longer good law.
Norton v. State, 731 So.2d 762, 763 (Fla. 4th DCA 1999).
Accordingly, we vacate Everett's sentence and remand for resentencing consistent with Pearce and Fasenmyer. We find Everett's other claims on appeal to be without merit.
DAVIS, VAN NORTWICK and POLSTON, JJ., CONCUR.