873 So.2d 407 (2004)
William Chester NETHERLY and Myrtle A. Netherly, Appellants,
v.
STATE of Florida, Appellee.
No. 2D02-2792.
District Court of Appeal of Florida, Second District.
April 16, 2004.
Rehearing Denied June 3, 2004.
*408 William F. Esbary, Jr., Tampa, and Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
William C. and Myrtle A. Netherly, husband and wife, appear before this court for the third time. After their second appearance we reversed the judgments against them on several counts and remanded for resentencing. Netherly v. State, 804 So.2d 433 (Fla. 2d DCA 2001) (Netherly II).[1] They now contend that on remand at the resentencing hearing the trial court misapplied or exceeded our directive in Netherly II, was vindictive in resentencing them, violated their double jeopardy rights, and imposed an unenforceable sentencing scheme. Mrs. Netherly also contends that her written judgment erroneously reflects a conviction for which she was acquitted. We affirm in part and reverse in part.
The facts underlying the charges stemming from the Netherlys' failed residential construction business are fully set out in Netherly II. Of the eighteen counts charged, a jury found Mr. Netherly guilty of one first-degree felony, one second-degree felony, and twelve third-degree felonies; Mrs. Netherly was found guilty of one second-degree felony and ten third-degree felonies. Mr. Netherly was sentenced on all counts to concurrent five years' imprisonment followed by ten years' probation. Mrs. Netherly was sentenced on all her counts to concurrent four and one-half years' imprisonment followed by ten years' probation. On appeal in Netherly II, we reversed three of Mr. Netherly's counts and reduced the degree of a fourth, leaving him with eleven third-degree felony convictions. We also reversed one of Mrs. Netherly's counts and reduced the degree of a second, leaving her with ten third-degree felony convictions. After affirming in part and reversing in part, we remanded for resentencing because the split sentence originally imposed, five *409 years' incarceration followed by ten years' probation, illegally exceeded the maximum statutory sentence for third-degree felonies, as well as the maximum permissible guidelines sentence. 804 So.2d at 440.
On remand from Netherly II, each defendant's scoresheet resulted in the lowest possible guidelines sentence of a nonprison sanction, with a permitted sentence of up to twenty-two months in prison, primarily because neither had a prior record. Instead of the concurrent sentencing scheme originally imposed for all the counts, the trial court ordered them to serve five years' probation on two counts, followed by five years' probation on seven counts (six for Mrs. Netherly), followed by five years' probation on the remaining two counts, nunc pro tunc to their original sentencing date, December 23, 1999, thus reaching by a different path the fifteen years' overall state supervision originally imposed. The trial court's reasoning included concern about the victims' losses, which were substantial, and the need for restitution, adding that probation could be shortened with full restitution and releases from the victims.
The Netherlys advance various arguments against this latest sentencing scheme. However, we are not persuaded that the trial court was prohibited from imposing a consecutive sentencing scheme in lieu of the originally imposed concurrent sentences or that such consecutive sentencing, resulting in approximately the same length of time under state supervision, is vindictive under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The original sentencing scheme was apparently driven by the convictions for the first- and second-degree felonies. Here, however, the new sentencing scheme not only resulted in the same overall length of state supervision, but also achieved the court's reasonable goal of monitoring their compliance with the restitution orders. We find further support for the court's action in Norton v. State, 731 So.2d 762 (Fla. 4th DCA 1999).
In Norton, the defendant was originally convicted of an armed burglary and aggravated battery and sentenced to two concurrent fifteen-year departure sentences followed by ten years' probation. The sentences were reversed on appeal because there were no findings to support the departure, and the case was remanded for resentencing within the guidelines. At resentencing, instead of concurrent sentencing, the trial court imposed eight years' incarceration for the armed burglary followed by ten years' probation for the aggravated battery. Judge Klein, writing for the court, found the new consecutive sentencing scheme permissible. He reasoned, first, that Pearce does not per se prohibit imposing consecutive sentences after concurrent sentences are reversed on appeal. Second, he noted that because the resentencing was more lenient than the first, the Pearce prohibition against vindictive sentencing was not violated. Norton, 731 So.2d at 763.
Here, we do not find that the Netherlys' consecutive probationary terms are vindictive, given the strong need for restitution in their case, and that the fifteen years' total probation for a multitude of crimes committed over a period of several years is no harsher than five years' incarceration followed by ten years' probation for higher degree crimes. The cases the Netherlys cite in support of their argument, Rogers v. State, 821 So.2d 461 (Fla. 2d DCA 2002), and Williams v. State, 686 So.2d 615 (Fla. 2d DCA 1996), are distinguishable in that the trial courts in those *410 cases imposed a harsher sentence on resentencing.
Although we affirm the consecutive probationary terms, we agree with the Netherlys that there are errors in other parts of their sentencing scheme. At the original sentencing hearing, before the appeal in Netherly II, the trial court expressly granted credit for time served: 904 days for Mr. Netherly and 913 days for Mrs. Netherly. This is more than thirty months' credit each. Also, Mr. and Mrs. Netherly each spent a short amount of time incarcerated after sentencing before being released on appeal bonds. All this credit must be applied to the probationary terms ordered to be served first. The Supreme Court in Pearce, 395 U.S. at 717, 89 S.Ct. 2072, expressly held that full credit must be awarded for past punishment in sentencing for the same crime. This is also required under Daniels v. State, 491 So.2d 543 (Fla.1986), where our supreme court, in deciding a conflict among the district courts, found that when a defendant has jail-time credit on a sentence that is to run concurrently with another sentence, the concurrent sentence must also reflect that credit. Id. at 544. See also Platt v. State, 827 So.2d 1064 (Fla. 2d DCA 2002) (holding that rescission of previously awarded jail credit is error). Justice Overton in Daniels went on to distinguish the situation of credit on concurrent sentences from the situation in which the defendant does not receive concurrent sentences on multiple charges. 491 So.2d at 545. Thus, the Netherlys' first probationary term, for counts two and four, must be reduced by the amount of time they spent in jail or prison, including gain time, Oliver v. State, 556 So.2d 1247 (Fla. 2d DCA 1990), although credit will not be applied to the remaining probationary terms. Otherwise, by the end of their first term of probation, the Netherlys will have served more time than statutorily allowed for these third-degree crimes. In fact, it would appear that these sentences are now fully served as the first probationary term, imposed nunc pro tunc December 23, 1999, coupled with the mandated credit for time served exceeds five years.
One point raised by Mrs. Netherly alone is that she previously had split sentences resulting in fourteen and a half years under state supervision, which we reversed in Netherly II, but she now faces an overall fifteen years' probation. She claims that this is, on its face, a vindictive sentence. We are not so persuaded, given that it matches her husband's probationary terms and is a minimal enlargement compared to her original sentences.
The only remaining issue concerns scrivener's errors appearing in the judgment and sentencing documents. As to Mrs. Netherly, they show her convicted of a count for which she was acquitted by the jury, and as to both defendants, these documents do not comport with the oral pronouncement of sentence. Upon remand, the trial court shall correct these errors without the necessity of either defendant's presence.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
FULMER and CANADY, JJ., concur.
NOTES
[1] The first time they appeared before us they sought a writ of prohibition. We issued the writ and quashed that part of the trial court's order denying their motion to dismiss a count of the second amended information. Netherly v. State, 710 So.2d 561 (Fla. 2d DCA 1997) (Netherly I). They were eventually tried and convicted on the fourth amended information.