994 So.2d 1250 (2008)
Terrance WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-122.
District Court of Appeal of Florida, Fourth District.
November 26, 2008.
Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals his sentence and argues that the trial court failed to give him proper credit for time served on all concurrent sentences. We agree. Accordingly, we reverse and remand the case to the trial court to correct the defendant's sentence.
On October 26, 2007, the trial court sentenced the defendant to five years in prison with credit for 320 days time served concurrently in five cases on a violation of probation. On December 11, 2007, the court held a hearing on the defendant's motion to clarify sentence.[1] At the hearing, the defendant argued he was actually entitled to an additional 28 months credit for time served prior to sentencing. Over the defendant's objection, the trial court awarded the defendant additional credit only on a single conviction.
On appeal, the defendant claims this was error because the trial court should have granted the additional credit on all concurrent sentences. See § 921.161(1), Fla. Stat. (2005); Daniels v. State, 491 So.2d 543, 545 (Fla.1986). "[W]hen a defendant has jail-time credit on a sentence that is to run concurrently with another sentence, the concurrent sentence must also reflect that credit." Netherly v. State, 873 So.2d 407, 410 (Fla. 2d DCA 2004). The State agrees. We therefore reverse and remand the case to the trial court to correct the sentences.
Reversed and Remanded.
TAYLOR, HAZOURI and MAY, JJ., concur.
NOTES
[1] The court treated the defendant's motion to clarify as a motion for correction.