PER CURIAM.
The defendant appeals an order summarily denying his rule 3.800(a) motion to correct illegal sentence. We reverse.
The defendant was on probation for two second-degree felonies when he allegedly violated his probation. Pursuant to a negotiated agreement, the defendant admitted to the violation in exchange for a sentence of twenty-five years in prison. The waiver of rights form indicated that the maximum sentence was thirty years. The sentencing document for both counts I and II reflects a sentence of twenty-five years, concurrent.
The defendant filed a rule 3.800(a) motion. The motion essentially advanced two distinct claims: (1) the scoresheet included one too many prior DUI with serious bodily injury offenses, for which he was assessed nine additional points; and (2) the twenty-five year sentence for each second-degree felony exceeded the fifteen-year statutory maximum for each count.
The State responded and the trial court found that any scoresheet error was *211 harmless because the defendant was sentenced pursuant to a valid plea agreement, providing for a twenty-five-year sentence. The trial court also found the twenty-five-year sentence was not illegal because the defendant could have been sentenced to an aggregate sentence of up to thirty years for the two second-degree felonies. We find merit in the defendant’s second argument.
“General sentences on multiple convictions are improper.” Durant v. State, 763 So.2d 1157, 1158 (Fla. 4th DCA 2000). “A sentence which exceeds the statutory maximum is an illegal sentence, and an illegal sentence cannot be imposed even as part of a negotiated plea agreement.” Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004) (citations omitted). “A sentence can exceed the statutory maximum, but only if the lowest permissible sentence under the sentencing code exceeds the statutory maximum.” Id.
Here, the concurrent twenty-five year sentences imposed for each count exceeded the fifteen-year statutory maximum for the second degree felonies. Id. The sentence is therefore illegal and must be corrected.
We therefore reverse the sentence and remand for the trial court to correct the sentences so that neither exceeds the statutory maximum. The trial court may impose consecutive sentences in such a way that the plea agreement is effectuated, so long as neither sentence exceeds the statutory maximum and the cumulative total does not exceed the original twenty-five year sentence. See Tilley v. State, 871 So.2d 294, 295 (Fla. 5th DCA 2004); Everett v. State, 824 So.2d 211, 213 (Fla. 1st DCA 2002); Norton v. State, 731 So.2d 762, 763 (Fla. 4th DCA 1999).[1]

Reversed and Remanded.

MAY, C.J., WARNER and POLEN, JJ., concur.

. Although we cannot determine from the record provided whether the defendant’s argument concerning the scoresheet error has merit, even if the appellant is correct it is harmless, as using consecutive sentences the trial court can achieve the same sentence.