SILBERMAN, Chief Judge.
Johnathan J. Cantlon appeals his sentence of one year in jail for reckless driving. Because Cantlon’s sentence exceeds the statutory maximum for a conviction of reckless driving under section 316.192(2), Florida Statutes (2007), we reverse.
On April 8, 2008, Cantlon was speeding on his motorcycle and crashed into the driver’s side of George Allen’s car. Allen died as a result of the accident. Cantlon was charged with vehicular homicide under section 782.071, Florida Statutes (2007).[1] At trial, the jury was instructed on vehicular homicide and on reckless driving as a lesser-included offense.
The jury found Cantlon guilty of reckless driving, and the trial court sentenced him to one year in jail. Cantlon filed a motion to correct the sentence and argued that based on the jury’s findings, ninety days was the maximum sentence he could receive for a first offense of reckless driving under section 316.192(2)(a). He noted that the jury verdict did not include any finding that he caused damage to the *720 property or person of another, which would have supported a one-year sentence under section 316.192(3). The trial court denied the motion to correct sentence and this appeal followed.[2]
Section 316.192(l)(a) provides: “Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.” A first conviction of reckless driving is punishable by a period of not more than ninety days’ imprisonment, and subsequent convictions are punishable by a period of not more than six months’ imprisonment. § 316.192(2). However, section 316.192(3)(c)(l) provides that when a reckless driver, by reason of his or her operation of a vehicle, causes damage to the property or person of another, the punishment may be up to one year’s imprisonment. See § 775.082(4)(a), Fla. Stat. (2007). And section 316.192(3)(c)(2) authorizes punishment of up to five years’ imprisonment if the driver’s actions cause serious bodily injury to another. See § 775.082(3)(d).
On appeal, Cantlon again argues that his one-year sentence for reckless driving constitutes an illegal sentence because it exceeds the maximum sentence permitted under section 316.192(2). See Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004) (stating that “[a] sentence which exceeds the statutory maximum is an illegal sentence”).[3] He contends that absent a jury finding that his conduct was the cause of damage to the property or person of another or great bodily injury, the trial court could not impose a longer sentence or sentence him under a different statutory provision. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that the Due Process Clause of the Fourteenth Amendment requires that, aside from a prior conviction, “any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt”). The State responds that because damage to the person or the property of another was undisputed, the jury was not required to make a finding of damage, and, even if such a finding were required, the absence of a jury finding on damage was harmless error.
The record reflects that although Cant-lon did not dispute his involvement in the accident, he maintained that the evidence did not establish that his driving was reckless or was the cause of the accident and resulting damage. The State and Cantlon disagreed as to the speed at which Cantlon was traveling and whether he saw or should have seen Allen’s car in time to avoid the accident. It was Cantlon’s position that he did not see Allen’s car until it was too late to avoid the accident. The jury found Cantlon guilty of reckless driving, but it did not find that his driving was the cause of damage to the property or person of another. The record establishes that the pertinent facts were in dispute, and for the trial court to sentence Cantlon in excess of ninety days required a jury finding that Cantlon’s driving was the cause of damage.
An error is harmless if the “record demonstrates beyond a reasonable doubt that a *721 rational jury would have” made the necessary determination of fact, which in this case would have been a finding that there was damage to property or a person and that Cantlon caused that damage. Galindez v. State, 955 So.2d 517, 523 (Fla.2007). Based on our review of the evidence presented at trial, we cannot agree that the harmless error test has been met.
Therefore, because Cantlon’s sentence exceeds the statutory maximum for reckless driving under section 316.192(2), the crime for which he was found guilty, we reverse the sentence and remand to the trial court to enter a corrected sentencing order consistent with this opinion.
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.

. Cantlon was also charged with and convicted of driving while his license was suspended under section 322.34, Florida Statutes (2007). That conviction is not at issue.

. Although Cantlon has served his one-year sentence, we decline to dismiss this appeal as moot. We agree that "this case presents a controversy capable of repetition, yet evading review, which should be considered on its merits.” N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000).

. There is an exception to this rule when the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum. See Fla. R. Crim. P. 3.704(d)(25). That exception is not applicable in this case.