DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE LUIS COSME-SELLA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3425

[July 1, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 2016CF009732.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences for second degree murder with a weapon (as a lesser included offense of first degree murder with a weapon) and robbery with a weapon as charged. The defendant raises five arguments: (1) the state did not present sufficient evidence to support his second degree murder with a weapon conviction; (2) the state shifted the burden of proof on the independent act instruction's elements to the defendant, and the trial court's curative instruction was insufficient; (3) the trial court fundamentally erred during sentencing by considering first degree felony murder elements after the jury did not find him guilty of that crime; (4) the trial court erred by sentencing him above the statutory maximum for robbery with a weapon; and (5) the trial court's judgment contains scrivener's errors for both convictions.

We affirm on the first three arguments, reverse and remand for sentence correction on the fourth argument. and remand to correct the scrivener's errors on the fifth argument. We address each argument in turn.

On the first argument, we conclude, without further discussion, that sufficient evidence supported the defendant's second degree murder with a weapon conviction.

On the second argument, a brief portion of the state's rebuttal argument was stated in the passive voice – "So this is not an independent act, it doesn't apply in this case. And again, look at all those acts, *it requires all three elements to be proven and they just weren't.*" (emphasis added). We agree this statement could have been misinterpreted as shifting the burden of proof on the independent act instruction's elements to the defendant. However, we conclude the trial court's immediate curative instruction, reminding the jury that the defendant did not have to prove anything, sufficiently cured any misinterpretation. *See Boggess v. State*, 269 So. 3d 616, 621 (Fla. 4th DCA 2019) ("[A]n immediate curative instruction on the burden of proof may be sufficient to clarify an issue at bar and remove any confusion."); *Asencio v. State*, 244 So. 3d 294, 299 (Fla. 4th DCA 2018) ("[A]bsent a finding to the contrary, juries are presumed to follow the instructions given them.") (citation omitted). The defendant did not object to the curative instruction's sufficiency, and therefore did not preserve his argument on appeal that the trial court could have improved the curative instruction by expressly informing the jury that the state had the burden to *disprove* the independent act instruction's elements.

On the third argument, we conclude, without further discussion, that the trial court's statements during sentencing did not indicate the trial court had considered first degree felony murder elements when sentencing the defendant for second degree murder with a weapon.

On the fourth argument, the defendant's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error argued the statutory maximum for robbery with a weapon is thirty years in prison, but the trial court had incorrectly sentenced the defendant to thirty-two years in prison on that conviction. The trial court did not rule on the defendant's motion to correct sentencing error, so the motion was deemed denied. The state now concedes the trial court erred by sentencing the defendant above the statutory maximum for that conviction.

We agree with the state's concession of error. "A sentence can exceed the statutory maximum, but only if the lowest permissible sentence under the sentencing code exceeds the statutory maximum." *Flewellen v. State*, 98 So. 3d 210, 211 (Fla. 4th DCA 2012) (citation omitted). Here, the defendant's lowest permissible sentence was 23.95 years, which did not

2

exceed the thirty-year statutory maximum for robbery with a firearm. *See* §§ 812.13(2)(b), 775.082(3)(b), Fla. Stat. (2016). Thus, we reverse the sentence on that conviction (count II) and, as the defendant has requested, remand for the trial court to impose a thirty-year sentence on that conviction, to run concurrently with the thirty-two year sentence on the second degree murder with a weapon conviction (count I). The defendant need not be present for this ministerial correction.

On the fifth argument, the defendant's rule 3.800(b)(2) motion also argued the trial court's judgment misidentified the statute citation for second degree murder with a weapon, and misidentified robbery with a weapon as a punishable by life ("PBL") felony when it is a first degree felony. Again, the trial court did not rule on the defendant's motion to correct sentencing error, so the motion was deemed denied. The state now concedes those scrivener's errors in the judgment require correction.

We agree with the concession of error. On count I, the defendant was convicted of second degree murder with a weapon under section 782.04(2), Florida Statutes (2016), not section 782.04(1)(a)1. and 2. as indicated in the judgment (and corresponding to first degree premeditated murder and felony murder). On count II, the defendant was convicted of robbery with a weapon under section 812.13(2)(b), Florida Statutes (2016), as a first degree felony punishable by a thirty-year maximum sentence, not as a first degree felony "PBL." We remand for the trial court to correct the scrivener's errors in the judgment accordingly.

Based on the foregoing, we affirm the defendant's convictions for second degree murder with a weapon and robbery with a weapon, affirm the defendant's sentence for murder with a weapon, reverse and remand for correction of the defendant's sentence for robbery with a firearm, and remand for correction of the scrivener's errors in the judgment.

*Affirmed in part, reversed in part, remanded for sentence corrections.*

GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3