GRIFFIN, J.
Gregory Lee Jennings [“Jennings”] appeals an upward departure sentence. We reverse.
On March 27, 1998, the State charged Jennings with robbery with a firearm and grand theft. At trial, the State presented evidence that Jennings and an accomplice robbed a Service Merchandise store around 8:45 P.M. on January 14, 1998. During the robbery, Jennings carried a shotgun which he pointed at two store clerks demanding money from the cash registers. Jennings threatened one clerk by “shoving” the shotgun within inches from his nose and told him: “I’ll blow your f-ing brains if you don’t give me the money.” He also threatened another employee by pushing the shotgun up to her face and instructed her to “open the f-ing drawer.” The clerks complied and gave Jennings the contents of the registers.
Á jury convicted Jennings of armed robbery with a firearm and grand theft. The trial court vacated the grand theft charge and proceeded to sentencing on the robbery. charge alone. At sentencing, Jennings’ guideline sentence was determined to be a maximum of 102 months. The trial court, however, imposed an upward departure sentence of seventy-five years in prison. The trial court entered a written departure order stating three reasons in support of its upward departure under section 921,0016(3), Florida Statutes:
*879 1. There was a substantial risk of death or great bodily harm to many persons. The robbery in question took place at a popular retail establishment during their normal business hours when patrons could be expected to be present or enter the premises during the robbery. The establishment in question is located on a major thoroughfare and is in close proximity to at least two major law enforcement agencies. At the time of the incident patrons were in the store and the Defendant in this case went to the door and admitted more patrons into the store. In fact, the husband of the patron mentioned herein, upon seeing the robbery taking place inside the store, immediately left and called 911 for emergency dispatch of law enforcement personnel to the store. It is fortuitous that the robbers escaped from the store prior to the time that law enforcement arrived.
2. At least one of the patrons in the store was a retired elderly lady who the facts show was especially vulnerable due to her age. She has been unable to discuss the matter, even with her own husband, and briefly wrote about the incident in her diary or journal shortly after the incident occurred. She was fearful of coming forward and her identity was disclosed by a third party. She was then contacted by law enforcement the day before the trial. Her demeanor and composure during the trial evidenced the vulnerability from which she suffers.
3. That particular victim suffered extraordinary emotional trauma in the incident. She passed by the robber in the store and saw the second robber at the jewelry counter. In response, she went into a part of the store and hid out of fear for her life. After the robbers exited the store, both she and her husband left without identifying themselves to the Police as [a] result of the trauma which she suffered. Because the Defendant did not threaten this patron in any way, it is unlikely that he could be formally charged as to that patron.
Section 921.0016, entitled “Recommended sentences; departure sentences; aggravating and mitigating circumstances,” provides in pertinent part as follows:
(3) Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
[[Image here]]
(i) The offense created a substantial risk of death or great bodily harm to many persons or to one or more small children.
[[Image here]]
(j) The victim was especially vulnerable due to age or physical or mental disability.
[[Image here]]
(?) The victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
Here, the trial court found that the defendant’s conduct created a “substantial risk of death or great bodily harm” to the patrons of Service Merchandise and that the same conduct caused “extraordinary emotional trauma” to an elderly patron of the store who was “especially vulnerable” due to her advanced age.
As to the upward departure related to the elderly patron, after reviewing the testimony, we find that grounds 2 and 3 for departure are not supported by competent, substantial evidence. However, the first ground for departure presents a closer question. The lower court’s conclusion that the robbery of a Service Merchandise store with shotguns during business hours “creates a risk of death or great bodily harm to many persons ...” is in some sense true. The question perhaps is whether the risk is “substantial.” It appears that the courts of this state have *880 affirmed upward departure sentences predicated upon section 921.0016(3)(i) where a weapon has been brandished only in instances were the weapon has actually been fired at least once. Bellamy v. State, 677 So.2d 390, 391 (Fla. 2d DCA 1996). See also Rahyns v. State, 752 So.2d 617 (Fla. 4th DCA 1999)(defendant’s act of firing one shot into crowd during drive-by shooting was sufficient to support an upward departure sentence for creating a substantial risk of death or great bodily harm to many persons); Jordan v. State, 728 So.2d 748, 753-54 (Fla. 3d DCA 1998)(defendant created substantial risk of death or great bodily harm to many persons when he engaged a law enforcement officer in a “running gun battle” in a residential neighborhood), decision approved, 761 So.2d 320 (Fla.2000); Moreira v. State, 500 So.2d 343, 344 (Fla. 3d DCA 1987) (upward departure justified when defendant fired shots at one of kidnaping victims at Exxon gas station).
Almost by definition, a robbery with a firearm creates a risk of great bodily harm to the victim, and if there are multiple victims, or if there are multiple persons in proximity to the victim, there is a risk of great bodily harm or death. We glean from the choice of words utilized by the legislature, however, specifically, “substantial risk” in connection, with “death or great bodily harm” that this ground for departure envisions the factual circumstance where there is a high probability of severe injury to many people. A firearm discharged in a public place more than likely would meet that test. Here, however, as the trial court pointed out, no weapon was discharged and appellant and his accomplice left the scene prior to the police arriving.
It is apparent from a review of the sentencing proceeding below that both the prosecutor and the lower court believed that the longest permissible guidelines sentence for this offense did not fairly reflect the seriousness of it. Although we respect the judgment of the trial court, we conclude that the facts of this case cannot support the departure sentence and accordingly reverse and remand for imposition of a guidelines sentence.
REVERSED and REMANDED.
W. SHARP, and HARRIS, JJ., concur.