PER CURIAM.
Of all the issues raised, we find that the trial court abused its discretion only when it failed to impute income to the former wife in determining its child support award. The child support guidelines, section 61.30, specifically provide in pertinent part that:
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent’s part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary *405 unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community[J (emphasis added).
§ 61.30(2)(b), Fla. Stat. (2001). Accordingly, that portion of the trial court’s order is remanded for findings concerning the amount of income attributable to each party and for recalculation of the child support award pursuant to section 61.30. See Fla. Dep’t of Revenue v. Hennessey, 812 So.2d 442, 443 (Fla. 2d DCA 2001)(holding that where mother was voluntarily unemployed, income was imputable to her for purposes of child support obligation); Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999)(“For purposes of child support, the trial court must impute income to a voluntarily unemployed or underemployed parent unless the lack of employment is the result of the spouse’s physical incapacity or other circumstances beyond the parent’s control.” (emphasis in original)). In all other respects, we affirm.
Affirmed in part. Reversed and remanded in part.