WARNER, J.
The appellant, Robert Finethy, challenges his resentencing after the trial court granted his motion to correct his illegal sentence. He contends that the trial court sentenced him beyond the legal *991 maximum when it resentenced him for attempted second-degree murder after granting his motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800. Because the court could lawfully impose an upward departure sentence and make it consecutive to other sentences originally imposed, we hold that the sentence was not illegal and affirm.
Finethy was convicted and sentenced in 1996 for attempted second-degree murder with a firearm (count 1) as well as three counts of aggravated assault with a deadly weapon (counts 2 through 4), three counts of battery (counts 5, 7, and 9), and resisting arrest without violence (count 6). On count 1, the court sentenced Finethy to twenty years’ imprisonment, with a three-year mandatory minimum term for the use of a firearm, followed by ten years’ probation. This sentence was an upward departure from the sentencing guidelines. As the basis for the departure, the trial court cited section 921.0016(3)(i), which permits an upward departure if the offense created a substantial risk of death or great bodily harm to many persons or to one or more children. The facts showed that Finethy shot at his wife in their home with children present in the house.
On counts 2, 3, and 4, Finethy was sentenced to five years’ imprisonment to run concurrently with each other and with count 1. The court also imposed a minimum mandatory sentence of three years on counts 2, 3, and 4 for the use of a firearm to run consecutively to the minimum mandatory sentence on count 1. On the remaining counts, Finethy was sentenced to one year of imprisonment to run concurrently with each other and with all other sentences.
In 2005, Finethy moved to correct his sentence on count 1. The trial court agreed that the sentence was illegal. Although the jury found that Finethy had committed the attempted murder with a firearm, the information failed to charge the firearm enhancement. The trial court determined that enhancement of a conviction for use of a firearm was fundamental error where the information does not charge use of a firearm, relying on Gibbs v. State, 623 So.2d 551, 555 (Fla. 4th DCA 1993). The court therefore ordered resen-tencing on count 1 only.
At resentencing before the original trial judge, the trial court sentenced Finethy to twelve years in prison followed by three years of probation. However, the court made this sentence consecutive to the five year terms for counts 2, 3, and 4, which meant that Finethy would still serve seventeen years in prison (absent any credits or gain time). The court again departed based upon section 921.0016(3)©. This was the same ground upon which the trial court departed in originally sentencing Finethy. He now appeals, contending that the sentence is illegal.
Finethy argues that the court erred in granting an upward departure under section 921.0016(3)(i), Florida Statutes (1993), because the information does not charge Finethy with the use of a firearm. He claims that the information must allege the use of the firearm before a court can upwardly depart based upon its use. He relies on Jennings v. State, 765 So.2d 878 (Fla. 5th DCA 2000). However, Jennings required the information to allege the use of a firearm to secure an enhancement under section 775.087, not section 921.0016. We too have held that it is error to enhance a sentence under section 775.087 when the information does not charge use of a firearm. See, e.g., Gibbs v. State, 623 So.2d 551, 555 (Fla. 4th DCA 1993); Dallas v. State, 898 So.2d 163 (Fla. 4th DCA 2005). We have never held that it was error to upwardly depart from sentencing guidelines when some of the conduct from which the court determines a *992 departure ground is authorized includes the use of a firearm.
Although replaced with the Criminal Punishment Code for crimes occurring on or after October 1, 1998, the purpose of the sentencing guidelines was to guide the exercise of judicial discretion so as to “eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining the relative importance of those criteria in the sentencing decision.” § 921.001(4), Fla. Stat. (1993). The guidelines controlled the exercise of judicial discretion in sentencing within the statutory maximum. The factors which the trial court used to exercise its discretion depended upon the facts and circumstances of each case and each defendant. The court could sentence up to the statutory maximum if it decided to depart from the guidelines. Thus, when charged with a crime, due process was satisfied because the defendant would know the statutory maximum sentence for that crime, although sentencing guidelines may have limited the sentence to something less than the maximum.
Unlike the mandatory enhancement penalties under section 775.087, the guidelines did not result in an increase in the statutory maximum penalty for the charged crime. Notice to the defendant that the state intends to prove the enhancement factor which will increase the statutory maximum of the crime provides due process to the defendant, as it allows the defendant to know not only the crime for which he is charged but also the statutory maximum extent of punishment that may be imposed.
In this case, because the trial court did not apply a sentencing enhancement factor but instead used a departure ground which still placed Finethy’s sentence within the statutory maximum, without the firearm enhancement, the sentence was not illegal. We also reject his claim of improper scoring of the crime for attempted second-degree murder. The court correctly scored it as a level eight offense. See Williams v. State, 784 So.2d 524 (Fla. 4th DCA 2001).
Finally, Finethy contends that the court engaged in vindictive sentencing when it ordered the sentence for count 1 to be served consecutively to the other counts on which he was sentenced to five years. He relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part on other grounds by Alabama v. Smith, 490 U.S. 794, 799-803, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In Pearce, the Supreme Court stated, “Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.” 395 U.S. at 725, 89 S.Ct. 2072. However, where the sentence imposed upon resentencing is more lenient, it is not vindictive. Norton v. State, 731 So.2d 762 (Fla. 4th DCA 1999).
Finethy maintains that the sentence imposed is harsher than the original sentence because it is consecutive, whereas the original sentence was concurrent. We disagree. We have previously held that the imposition of consecutive sentences after concurrent sentences are reversed on appeal is not per se prohibited. Id. Moreover, the supreme court has held that “[wjhenever a cause is remanded for re-sentencing, the trial judge may impose any lawful sentence, but the judge may not increase the sentence unless such an increase is based on conduct occurring subsequent to the imposition of the first sentence.” Morganti v. State, 573 So.2d 820, 821 (Fla.1991).
Imposing consecutive sentences after postconviction relief is also permitted. In *993 Colwell v. State, 471 So.2d 1374 (Fla. 5th DCA 1985), the defendant was sentenced to concurrent terms of life on two burglary charges arising out of two separate cases. After the sentences were ruled unlawful because they were excessive, the court re-sentenced the defendant to ten years for each burglary charge to run consecutively. The Fifth District affirmed the consecutive terms, as they were consistent with the trial court’s original sentencing plan. Similarly, in the instant case, the record reveals that this imposition of consecutive sentences was consistent with the trial court’s original intent in sentencing Finethy.
In fact, the trial court originally sentenced Finethy to twenty years’ imprisonment followed by ten years’ probation. On resentencing, by running the sentences consecutively, the total sentence amounted to a total of seventeen years’ imprisonment followed by three years’ probation. Fin-ethy’s new sentence clearly imposes less incarceration and less probation than the original sentence. Therefore, the sentence was not vindictive. See Norton; Pearce.
Finding no error in the trial court’s rulings, we affirm the sentence imposed.
GROSS and TAYLOR, JJ., concur.