PER CURIAM.
Appellant, Peter Cunningham, appeals his convictions for second degree murder with a firearm (count I) and two counts of attempted manslaughter with a firearm (counts II and III). We affirm without discussion Cunningham’s convictions but remand for correction of the sentencing order.
Cunningham was convicted of second degree murder with a firearm pursuant to section 782.04(2), Florida Statutes (2002). He was convicted of attempted manslaughter pursuant to sections 777.04 and 782.087, Florida Statutes (2002). The trial court sentenced Cunningham to life in prison on count I with a twenty-five-year mandatory minimum pursuant to section 775.087(2), Florida Statutes (2002). On counts II and III, Cunningham was sentenced to twenty years with a twenty-year minimum mandatory on each count, both to run concurrently with count I but consecutively with each other.
After this appeal was filed, Cunningham filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). He argued that the trial court erred in imposing a minimum mandatory sentence under section 775.087(2) in counts II and III because that section provides for a minimum mandatory sentence only if the defendant is convicted of any one of the crimes listed in the statute. Neither manslaughter nor attempted manslaughter appears on the list. He also asserted that attempted manslaughter was a second degree felony punishable by no more than fifteen years in prison. See § 775.082(3)(c), Fla. Stat. (2002).
At the hearing on the motion to correct sentencing error, the state conceded that section 775.087(2) did not apply to Cunningham’s convictions for attempted manslaughter. The trial court then orally vacated the sentences on counts II and III and sentenced Cunningham to twenty years on each count to run concurrently with each other and to run consecutively to count I.
The trial court subsequently entered a written order denying Cunningham’s motion to correct sentence. The trial court did not mention its correction of the minimum mandatory sentences imposed. It did address Cunningham’s argument that the trial court erred when it imposed a consecutive sentence pursuant to section 775.087(2)(d).[1] The trial court held: “The Court imposed the sentences for counts [II] and [III] pursuant to this provision of the statute, therefore, the Court, pursuant *129 to statute, had to impose these sentences consecutive to the sentence imposed in Count [I] of this case.”
Cunningham argues that the trial court erred in sentencing him to twenty years each on counts II and III because the maximum sentence for attempted manslaughter with a firearm, a second degree felony, is fifteen years. See § 775.082(3)(c), Florida Statutes (2002). Section 921.0024(2), Florida Statutes (2002), provides for an exception to the fifteen-year maximum. It states in pertinent part:
(2) The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure.... The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively.... If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment.
(emphasis added.) Thus, according to section 921.0024(2), the fifteen-year maximum under section 775.082 is inapplicable and, at the motion hearing, the trial court properly resentenced Cunningham to twenty years in prison on counts I and II without a minimum mandatory.
Cunningham further argues that the trial court erred when it altered the sentence in count I to run consecutively to counts II and III based upon its belief that section 775.087(2)(d) so required. In its oral sentence at the motion hearing, in addition to finding section 775.087(2) inapplicable to counts II and III, the trial court ordered that the concurrent sentences in counts II and III were to run consecutively to count I. When correcting a sentence, the trial court is free to run the corrected sentence concurrently or consecutively to any of the other counts in a single prosecution. James v. State, 868 So.2d 1242, 1246 (Fla. 4th DCA 2004). However, the trial court’s written order states that it “imposed the sentences for counts [II] and [III] pursuant to [section 775.087(2)(d)].” As a result of this contradiction between the oral and the written sentence, we remand for correction of the sentencing order consistent with this opinion.

Affirmed; Remanded for correction of sentencing order.

GROSS, C.J., TAYLOR and HAZOURI, JJ., concur.

. It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.