PER CURIAM.
Appellant, LaQ Lamar Swanigan [“Appellant”] appeals his judgment and sentences after he was found guilty, by a *990 jury of attempted second-degree murder with a firearm (count I), burglary of a dwelling (count II), aggravated battery with a firearm (count III), simple battery (count IV), and possession of a firearm by a convicted felon (count V). Appellant raises several issues on appeal; however, we find error in only one. We agree that imposition of a consecutive sentence for count V was error.
Section 775.087(2), Florida Statutes (2007) governs the imposition of sentences for specified offenses that involve the use of a firearm. Included among those crimes is possession of a firearm by a convicted felon. See § 775.087(2)(a)l.r., Fla. Stat. (2008). In this case, the Appellant and an accomplice burst into a home, looking for money, kicking and hitting one person and then shooting a second person.
The general rule that has emerged from a series of decisions rendered by the Florida Supreme Court is that the imposition of consecutive minimum mandatory sentences under section 775.087(2), Florida Statutes (2008), is improper where the offenses occurred during a single criminal episode unless the defendant discharges the firearm and injures multiple victims or causes multiple injuries to one victim. Valentin v. State, 963 So.2d 317, 319-20 (Fla. 5th DCA 2007) (citing State v. Christian, 692 So.2d 889 (Fla.1997); State v. Thomas, 487 So.2d 1043 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983)).
In Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2006), this Court determined that State v. Sousa, 903 So.2d 923 (Fla.2005), made clear that Christian and Thomas still apply in determining when minimum mandatory sentences for 10-20-life offenses may be consecutively imposed. Applying the principles enunciated in those cases to the facts in Irizarry, this Court concluded that each of Irizarry’s offenses was a 10-20-life offense, that each offense arose from a single criminal episode, and that during this criminal episode, Irizarry did not injure multiple victims or cause multiple injuries to any one victim. Nor did Irizarry fire his weapon. As a result, the consecutively imposed sentences were reversed. 946 So.2d at 558. Similarly, in this case, there is no authority for imposition of a consecutive sentence for the conviction of possession of a firearm by a convicted felon in the course of the single criminal episode. We accordingly vacate this sentence and remand for imposition of a concurrent sentence.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, ORFINGER and LAWSON, JJ., concur.