SWANSON, J.
Robert L. Hentze (“former husband”) seeks review of the trial court’s Corrected Order on Former Husband’s Motion for Contempt, Former Wife’s Motion for Contempt, Motion to Compel and Supplemental Petition to Modify (“Final Order”), as well as its Corrected Income Deduction Order. We affirm in part and reverse in part.
I. Relevant Facts
On September 13, 2001, former husband and Cherolyn J. Denys (“former wife”) dissolved their marriage by Consent Final Judgment of Dissolution of Marriage (“Judgment of Dissolution”). The Judgment of Dissolution provided that the parties would have rotating custody of their three minor children, the former husband would be responsible for paying all daycare expenses for the minor children, and neither one of the parties would be obligated to pay the other any amounts for child support. The Judgment of Dissolution also required the former husband to provide for all of the children’s health and dental insurance premiums, but the parties were to equally divide any non-covered medical, dental or prescription expenses and co-payments. Finally, paragraph 8 of the Judgment of Dissolution, titled “SCHOOL PICTURES, ETC.[,]” provided that “[ojther expenses relating to the mi *309 nor children of the parties, sports, and any other related activities shall be shared equally by the parties.”
After a dispute arose between the former husband and former wife, the trial court entered an Interim Order Modifying Final Judgment of Dissolution of Marriage (“Interim Order”) on July 15, 2003. The Interim Order provided that any party who incurred a non-covered or deductible expense “shall provide the other party with all appropriate documentation including proof of payment ... within 30 days of the date of the invoice billing.” The other party was then required to reimburse the first party within 30 days of receipt of the documentation. Additionally, since 2004, the parties had agreements between themselves and through Hope Haven’s Parenting Coordination program to split certain expenses.
The former husband reopened the case by filing a motion for contempt seeking reimbursement from the former wife for certain expenses. In support of his motion, he testified that although he had been giving the former wife receipts for non-covered medical expenses or deductible health care expenses incurred for the children since April 2004, he had not received full reimbursement.
The former wife also filed a motion for contempt, and testified the former husband willfully failed to pay expenses related to the minor children. The former wife acknowledged the former husband had sent her monthly emails outlining the monthly expenses he had incurred. She also admitted the former husband had not received any receipts from her until several years later, although she had tried to hand him receipts on occasion which he refused to accept.
The former wife also filed a supplemental petition for modification of the Judgment of Dissolution, which sought child support payments from the former husband. It alleged a substantial change of circumstances in that the children’s needs had increased, the former husband’s income had increased, and the former wife’s income had decreased.
The former wife was originally employed by Nationwide Money Services from May 1999 through August 2009. She became pregnant in 2008 and missed some time before going out on disability. In its Final Order, the trial court found:
When she attempted to return from leave [to Nationwide] she resigned from her job because they were going to reassign her to a different format involving a decrease in income, a change in distributions or sales to a different market. She choose [sic] not to accept either.' She testified that money was already tight before she quit her job leading the [sic ] question of why she did not attempt to accept one of the company’s offers and at least maintain income.
Additionally, the Final Order found “she clearly resigned her job, she wrote an email that is in evidence to Kathy saying that, ‘she and her husband decided to start a family with the intention .of her being able to work from home and stating that she did not plan to work in the office upon her return from pregnancy.’ ”
The former wife testified that recently she had been working for her current husband in some of his business ventures. According to the Final Order, her income derived from those ventures was substantially less in 2009 and 2010 than it had been in her final years at Nationwide.
The trial court granted the former wife’s supplemental petition and modified the Judgment of Dissolution to require the former husband to pay child support. After determining the spouses’ net monthly incomes and adjusting for equal time shar *310 ing and the cost of the children’s health insurance, the trial court determined the former husband’s support obligation is $977 per month.
The trial court granted the former husband’s motion for contempt to the extent that the former wife must reimburse him for $970.31 in medical, dental, vision, and medicine expenses for the minor children that were not covered by insurance. That calculation was based upon the former husband having paid $1,900 and the former wife having paid $930.
The trial court denied the former wife’s motion for contempt and motion to compel. It also modified the Judgment of Dissolution, deciding the parties “shall share equally the cost of agreed upon extra curricular activities!,]” and ordering each party to pay their own attorney’s fees and costs. Finally, the trial court entered a Corrected Income Deduction Order with the termination dates for the husband’s child support payments. The termination date for support of the youngest child (T.J.H.) is set for June 2018.
II. Analysis
The former husband first argues the trial court erred as a matter of law when it failed to properly apply the law of the case to the former husband’s request for reimbursement of non-covered medical expenses. In support of his argument, the former husband asserts the law of the case was established by the trial court’s Interim Order, which required a former spouse to submit proper documentation within 30 days of incurring non-covered or deductible medical expenses in order to be reimbursed by the other spouse. The trial court offset the former husband’s reimbursement by crediting $930 to the former wife, despite her failure to follow the Interim Order’s documentation guidelines.
The former husband’s reliance on the law of the case doctrine is misguided because the doctrine does not apply to trial court orders. Rather, “[l]aw-of-the-case principles do not apply unless the issues are decided on appeal." State v. McBride, 848 So.2d 287, 290 (Fla.2003) (emphasis in original); see also Empire Club, Inc. v. Hernandez, 974 So.2d 447, 449 (Fla. 2d DCA 2007) (“Law of the case is not established by a trial court’s initial ruling but rather by an appellate decision that binds a subsequent proceeding.”).
Even if the law of the case doctrine were applicable, the former husband is raising this argument for the first time on appeal. At the trial court hearing, the former wife’s attorney asked her why she had not sent the former husband most of the receipts until after filing the court action. The former wife answered “I sent them through you after the court action!,]” at which point the former husband’s counsel objected on the grounds that the testimony was outside the scope of his cross-examination. The trial court overruled the objection.
Because the objection at the hearing was on grounds different than the argument now put forth by the former husband, the present argument is not preserved. “[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection ... below.” Aills v. Boemi, 29 So.3d 1105, 1108 (Fla. 2010) (citations and internal quotation marks omitted). Likewise, the former husband did not specifically assert his law of the case argument in his motion for rehearing.
The former husband next argues the trial court erred when it failed to apply the law of the case to the former husband’s request for reimbursement of the children’s expenses. Once again, the law of *311 the case doctrine is not applicable to a trial court’s order, and even if it were, the former husband has improperly raised it for the first time on appeal.
The former husband’s third argument asserts the trial court erred when it awarded a $970.31 judgment to him without providing for interest, even though the funds had accrued since 2004. Section 55.03, Florida Statutes (2010), states that any money judgment shall, on its face, provide the rate of interest that is payable on the judgment. The former husband’s argument on this point fails because it, too, was not preserved for appeal. The trial court’s alleged error in failing to apply statutory interest first appears in its final order. “If the error is one that first appears in the final order, the aggrieved party must bring it to the judge’s attention by filing a motion for rehearing.” Hamilton v. R.L. Best Intl., 996 So.2d 233, 234 (Fla. 1st DCA 2008). Although the former husband did file a motion for rehearing, it did not address the issue of statutory interest.
The former husband next argues the trial court improperly modified child support when it failed to impute income to the former wife. The standard of review for a trial court’s decision of whether to impute income in determining a child support award is abuse of discretion. DeBacher v. DeBacher, 867 So.2d 404, 404 (Fla. 3d DCA 2003).
Section 61.30(2)(b), Florida Statutes (2010), provides that “[mjonthly income shall be imputed to an ... underemployed parent if such ... underemployment is found by the court to be voluntary on that parent’s part.”[1] (Emphasis added). Courts have stressed the provision’s mandatory language. See, e.g., DeBacher, 867 So.2d at 404 (emphasizing “shall”); Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999) (emphasizing trial court “must” impute income to a voluntarily unemployed parent).
In its Final Order, the trial court found the former wife resigned from her job “because” they were going to reassign her, and she chose not to accept any of the options presented despite the fact that “money was already tight.” The trial court also found she intended to start a family rather than continue working.
Because it failed to impute income to the former wife, despite finding her underemployment was voluntary, we conclude the trial court abused its discretion. See Overbey v. Overbey, 698 So.2d 811, 815 (Fla.1997) (stating, in a case involving a parent who voluntarily left employment to pursue further education and training, that “under the circumstances of this case, the father’s reduction in income is voluntary and consequently insufficient to support a finding of substantial change in circumstances”). Accordingly, we must reverse on this point, and remand with instructions to impute to the former wife income consistent with the guidelines set out in section 61.30(2)(b).[2] See Young v. Taubman, 855 So.2d 184, 186 (Fla. 4th DCA 2003) (reversing child support award and remanding so that trial court could recalculate the amount of support owed by each *312 parent after imputing additional income to the former wife).
Finally, the former husband argues the trial court erred by entering a Corrected Income Deduction Order that requires payments past T.J.H.’s age of majority and graduation date. If true, this would violate the Final Order — which provides that child support payments shall cease when each respective child reaches the age of 18 or graduates high school, whichever occurs first. Neither the former husband’s motion for rehearing nor his initial brief cites to any evidence of T.J.H.’s age or graduation date. Nonetheless, we reverse the trial court’s Corrected Income Deduction Order and remand for reconsideration of this issue, because two documents in the record appear to indicate T.J.H. will be 19 years old before the former husband’s child support payments are scheduled to terminate in June 2018.[3]
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings.
ROBERTS and CLARK, JJ., concur.

. Although the provision makes an exception for unemployment or underemployment caused by mental incapacity or other circumstances beyond the parent’s control, that is not at issue in this case.

. The former husband has also argued that, even if the trial court did not err when it refused to impute a higher income to the former wife, it nonetheless erred when it improperly deviated from the child support guidelines. Because we hold the trial court erred as to the former issue, we need not address this subsequent one.

. See R. at 57, 96.