PER CURIAM.
In this appeal from a final order on the former husband’s motion for contempt, the former husband claims the trial court committed reversible error when it concluded that his delay in filing the motion for contempt precluded the court from directing *725 the former wife to comply with a prior order by executing a release of her claim to the federal income tax dependency exemption for 2006, 2007, and 2008. He argues the mere delay in asserting a right, without any showing of prejudice, is insufficient to establish the affirmative defense of laches. We conclude this claim is not preserved for appeal because the former husband never raised it at the contempt hearing or in a motion for rehearing. See Hentze v. Denys, 88 So.3d 307 (Fla. 1st DCA 2012).
AFFIRMED.
MARSTILLER, RAY, and SWANSON, JJ., concur.