IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL J. MARTIN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-910

_____/

Opinion filed May 6, 2016.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Nancy A. Daniels, Public Defender, and Michael Ufferman of the Michael
Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Matthew Pavese, Assistant Attorney
General, Tallahassee, for Appellee.


PER CURIAM

     Michael Martin was convicted of two crimes: aggravated battery with a

firearm (count one) and possession of a firearm by a convicted felon (count two).

Only count one was charged under section 775.087, Florida Statutes, colloquially

known as the "10-20-Life" statute. During the course of Martin's criminal episode,

he discharged a firearm causing injury to others. He was sentenced to consecutive

terms of twenty years[1] and five years, respectively, on counts one and two. On appeal, we affirm as to all issues Martin has raised, but explain why his consecutive sentences are permissible.

Martin's argument is that the trial court erred by imposing consecutive terms on counts one and two, which both arose from one criminal episode. He relies exclusively on Swanigan v. State, 57 So. 3d 989 (Fla. 5th DCA 2011), which held that the trial court erred by imposing a consecutive sentence for one of five charges, that being possession of a firearm by a convicted felon (count V),[2] a charge that does not require the discharge of a firearm. The Fifth District noted the "general rule" arising from a series of Florida Supreme Court cases "is that the imposition of consecutive minimum mandatory sentences under section 775.087(2), Florida Statutes (2008), is improper where the offenses occurred during a single criminal episode unless the defendant discharges the firearm and injures multiple victims or causes multiple injuries to one victim." Id. at 990. Although Swanigan and "an accomplice burst into a home, looking for money,

---

[1] He was initially sentenced to twenty-five years, but that was reduced to twenty years because "great bodily harm"—though proven at trial—was not alleged in the information, requiring a correction of Martin's sentence.

[2] Swanigan was charged with "attempted second-degree murder with a firearm (count I), burglary of a dwelling (count II), aggravated battery with a firearm (count III), simple battery (count IV), and possession of a firearm by a convicted felon (count V)." Swanigan v. State, 57 So. 3d 989, 990 (Fla. 5th DCA 2011).

kicking and hitting one person and then shooting a second person," id., thereby establishing that a firearm was discharged, the Fifth District apparently focused only on the elements of the possession charge itself, which did not require discharge of the firearm. On this basis, the court held that no authority existed "for imposition of a consecutive sentence for the conviction of possession of a firearm by a convicted felon in the course of the single criminal episode," remanding for the "imposition of a concurrent sentence." Id.

But Swanigan is inapplicable. Martin concedes, however, that our decision in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013), review granted, 145 So. 3d 830 (Fla. 2014), precludes relief because "section 775.087(2)(d) authorizes consecutive minimum mandatory sentences for multiple offenses committed during a single episode, involving multiple victims, where the defendant discharges a firearm." Walton, 106 So. 3d at 527. In our district, the operative focus is on whether a firearm was actually discharged during the criminal episode, not on whether it is an element of each of the charges.

The Legislature's intent, and its charge to the judiciary, is specified in section 775.087(2)(d), which states:

> (d) It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of*

3

> *imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

§ 775.087, Fla. Stat. (emphasis added). The highlighted language was the focus of the Florida Supreme Court's recent decision in Williams v. State, 41 Fla. L. Weekly S73 (Fla. Mar. 3, 2016), which—consistent with Walton—explained that if "multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. . . . In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently." Id.

Here, because a firearm was discharged, the principles of Williams and Walton apply, making it permissible to impose consecutive sentences. A remand is unnecessary in this case, however, because nothing suggests the trial judge did anything other than exercise his discretion in ordering that the possession conviction run consecutively to the aggravated assault conviction. Although no argument was made at sentencing that he was required to impose the sentence for that charge consecutively, it appears—in light of Williams—that he would have been required to do so. An important point established in Williams is that the 10-20-Life statute "expressly mandates only that a *qualifying* felony sentence run 'consecutively to' any sentence imposed for a *non-qualifying* felony. Nothing within paragraph (2)(d)'s plain language also requires, as the State posits, a

4

qualifying felony sentence to run consecutively to another qualifying felony sentence." Id. But Martin was not charged in the information under the 10-20-Life statute for both offenses; only the aggravated battery offense was charged under that statute, making it a "qualifying" offense. The possession offense was not charged under the 10-20-Life statute, making it a "non-qualifying" offense. Though Walton involved only charges for which consecutive mandatory minimum sentences applied, and only count one against Martin involves such a charge, that distinction is not germane in light of Williams's dichotomy between "qualifying" and "non-qualifying" offenses. As such, the trial court would have been required to run the sentences consecutively under section 775.087(2)(d).

AFFIRMED.

WETHERELL, MAKAR, and WINOKUR, JJ., CONCUR.