IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES NATHANIEL MARSHALL,

      Appellant/Cross-Appellee,

v.

STATE OF FLORIDA,

      Appellee/Cross-Appellant.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NOS. 1D14-2350 & 1D15-1198

_____/

Opinion filed March 1, 2017.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

James Nathaniel Marshall, pro se; Andy Thomas, Public Defender, and Mark Graham Hanson, Assistant Public Defender, Tallahassee, for Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.

ROBERTS, C.J.

      After a jury trial, Appellant was convicted of aggravated battery with great bodily harm by discharging a firearm (count II), aggravated assault by threat with a firearm (count III), and shooting at or into an occupied vehicle (count VI). The trial

court initially sentenced Appellant to twenty-five years' imprisonment on count II; time served on count III; and seventy-eight and one-tenth months' imprisonment on count VI to run concurrently with count II.

While this appeal was pending, Appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The State conceded that an error occurred and Appellant was entitled to be resentenced on count II. Over the State's objection, the trial court resentenced Appellant on count II to ten years' imprisonment with a minimum mandatory sentence of ten years' imprisonment. The State objected to the sentence as the trial court was required to run count II consecutively to count VI. See § 775.087(2)(d), Fla. Stat. (2012). The trial court determined that it could not restructure Appellant's sentences since it previously ordered count VI to run concurrently to count II.

On appeal, Appellant challenges his convictions and sentences. In a cross-appeal, the State challenges the trial court's failure to run count II consecutively to count VI. We affirm Appellant's convictions as well as his sentence for count VI without further comment. We find the trial court erred when it ordered count II to run concurrently to count VI.

The legality of a sentence is a question of law that is reviewed de novo. Washington v. State, 199 So. 3d 1110, 1111 (Fla. 1st DCA 2016). Section 775.087(2)(d), Florida Statutes (2012), states:

2

It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.

Aggravated battery is a listed charge in section 775.087. See § 775.087(2)(a)1.g., Fla. Stat. (2012). Shooting at or into an occupied vehicle is a felony offense that is not listed in section 775.087. See §§ 775.087 & 790.19, Fla. Stat. (2012). Under section 775.087(2)(d), a trial court is required to run the sentence for a "qualifying" offense consecutively to a sentence for a "non-qualifying" offense. Martin v. State, 190 So. 3d 252, 255 (Fla. 1st DCA 2016). In Appellant's case, count II, aggravated battery, is a "qualifying" offense, and count VI, shooting at or into an occupied vehicle, is a "non-qualifying" offense.

Appellant argues that the trial court was required to keep his sentences concurrent to each other as the trial court was bound by the law of the case doctrine. Appellant's argument is without merit as the law of the case doctrine only applies to issues decided on appeal. Hentze v. Denys, 88 So. 3d 307, 310 (Fla. 1st DCA 2014) (quoting State v. McBride, 848 So. 2d 287, 290 (Fla. 2003)). Additionally, consecutive sentencing after a defendant successfully obtains postconviction relief has been allowed providing a defendant's constitutional rights are not violated in the process. See Finethy v. State, 962 So. 2d 990, 992-93 (Fla. 4th DCA 2007) (finding

3

the trial court did not err in restructuring defendant's sentence in count I to run consecutively instead of concurrently to the other counts since the restructured sentence was not vindictive as it did not increase the defendant's overall term of imprisonment).

This Court finds that this case is most analogous to Cunningham v. State, 22 So. 3d 127 (Fla. 4th DCA 2009). In Cunningham, the defendant was convicted of second-degree murder with a firearm and two counts of attempted manslaughter. The defendant was sentenced to life in prison for second-degree murder and twenty years in prison with a minimum mandatory sentence of twenty years for each of the attempted manslaughter convictions. The manslaughter sentences were ordered to run concurrently to the second-degree murder sentence and consecutively to each other. Id. While the defendant's case was on appeal, he filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The attempted manslaughter charges did not qualify for minimum mandatory sentencing. At the resentencing hearing, the trial court sentenced the defendant to twenty years in prison on each of the attempted manslaughter counts to run concurrently to each other, but consecutively to the second-degree murder sentence. On appeal, the defendant argued that the trial court errored by altering the structure of his sentence with regards to the sentence for second-degree murder. The Fourth District Court

4

of Appeal held that a trial court is free to run corrected sentences concurrently or consecutively to any of the other counts in a single prosecution.

Since the trial court was required to resentence Appellant on count II, it was free to run count II consecutively to count VI as Appellant had no expectation in the finality of his sentence. We find that the Legislature made it clear in section 775.087(2)(d) that the trial court had to run Appellant's sentence for count II consecutively to the sentence for count VI. Therefore, we are required to reverse Appellant's sentence in count II and remand for resentencing in accordance with Martin.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

WETHERELL and BILBREY, JJ., CONCUR.