IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROSSI DEJOUR ARMSTEAD,

     Appellant,

v.                            CASE NO. 1D13-4728

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 28, 2017.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Andy Thomas, Public Defender, and Joanna A. Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

     We previously affirmed appellant's sentences based on our en banc decision in Walton v. State, 106 So. 3d 522, 528 (Fla. 1st DCA 2013) (Walton I), where this court held that "any mandatory minimum term required by section 775.087(2) – whether the defendant fires a gun, or only carries or displays it – shall be imposed

consecutively to <u>any other term</u> imposed for any other felony." However, the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in <u>Walton v. State</u>, 208 So. 3d 60 (Fla. 2016) (<u>Walton II</u>), and <u>Williams v. State</u>, 186 So. 3d 989 (Fla. 2016).

In <u>Williams</u>, the supreme court said that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; <u>accord</u> <u>Walton II</u>, 208 So. 3d at 64. However, <u>Williams</u> distinguished between consecutive sentences imposed for two "qualifying felonies" pursuant to the 10-20-Life statute as codified in section 775.087, Florida Statutes (2012), and consecutive sentences imposed for "qualifying felonies" and "non-qualifying felonies." <u>Williams</u>, 186 So. 3d at 992. The supreme court noted that the 10-20-Life statute "expressly mandates . . . that a qualifying felony sentence run 'consecutively to' any sentence imposed for a non-qualifying felony." <u>Id.</u>

Here, appellant was convicted of (1) principal to home invasion robbery with a firearm; (2) principal to kidnapping; and (3) principal to grand theft of a motor vehicle. Though both robbery and kidnapping may be qualifying offenses pursuant to the 10-20-Life statute, in the current case, the State charged appellant pursuant to the 10-20-Life statute only on the home invasion robbery count. §

2

775.087(2)(a)1g, Fla. Stat. The kidnapping in appellant's case, then, was considered a "non-qualifying offense." Martin v. State, 190 So. 3d 252, 255 (Fla. 1st DCA 2016). Thus, pursuant to Williams, because appellant was convicted of one "qualifying felony" and two "non-qualifying felonies," the trial court would have been required to run the sentences consecutively.

Here, the trial court properly ordered the sentences to run consecutively. We, therefore, affirm. See Martin, 190 So. 3d at 255.

WOLF, MAKAR, and WINSOR, JJ., CONCUR.