# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2434
LT Case No. 2015-303217-CFDB

_____

KYLE Z. GULLO,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

3.800 Appeal from the Circuit Court for Volusia County.
Leah R. Case, Judge.

Kyle Z. Gullo, Graceville, pro se.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

March 22, 2024

PER CURIAM.

   Kyle Gullo appeals the postconviction court's order summarily denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm the denial of the second of two grounds raised by Gullo in his motion without further discussion. Concluding that Gullo's first ground for relief has merit, we reverse.

Under a negotiated plea agreement, Gullo is currently serving a twenty-year mandatory minimum prison sentence for aggravated assault with a firearm and discharge. Gullo was also sentenced under this plea agreement to serve five years in prison, with a three-year mandatory minimum provision, for possession of a firearm by a convicted felon. Both sentences were imposed under section 775.087(2), Florida Statutes (2014), and, under the terms of the agreement, the sentence for the possession of a firearm by a convicted felon conviction is to be served consecutively to the sentence for the aggravated assault with a firearm and discharge conviction.

Gullo argues that this consecutive sentencing structure is illegal because these two crimes were committed by him during a single criminal episode where there was one victim and with a single shot being discharged that did not strike the victim.[1] Based on the following precedent, we agree.

In *Swanigan v. State*, 57 So. 3d 989, 990 (Fla. 5th DCA 2011), the appellant and an accomplice burst into a home looking for money, kicking and hitting one person and then shooting a second person. Following trial, the appellant was convicted of several felonies arising from this criminal episode, including attempted second-degree murder with a firearm, aggravated battery with a firearm, and possession of a firearm by a convicted felon. *Id.* Pertinent here, the appellant received a consecutive mandatory minimum prison sentence under section 775.087(2), Florida Statutes (2007), for the possession of a firearm by a convicted felon conviction. *Id.*

Citing to precedents from the Florida Supreme Court that the imposition of consecutive mandatory minimum sentences under section 775.087(2) is improper where the offenses occurred during a single criminal episode unless the defendant discharged the firearm and injured multiple victims or caused multiple injuries to one victim, we vacated the appellant's consecutive mandatory minimum prison sentence for the possession of a firearm by a

---

[1] The State has not disputed Gullo's factual assertion that the two convictions at issue arose from a single criminal episode.

convicted felon conviction. *Id.* In doing so, we specifically observed that "there is no authority for imposition of a consecutive sentence for the conviction of possession of a firearm by a convicted felon in the course of the single criminal episode." *Id.*

Subsequently, in *Torres-Rios v. State*, 205 So. 3d 883, 883 (Fla. 5th DCA 2016), the appellant there had challenged the postconviction court's summary denial of his rule 3.800(a) motion to correct illegal sentence. In an unelaborated opinion, we granted relief, in part, holding that consecutive mandatory minimum sentences were illegal where there was only a single discharge of a firearm and only one person was shot during the single criminal episode. *Id.* Significantly, *Torres-Rios* was later approved by the Florida Supreme Court in *Miller v. State*, 265 So. 3d 457 (Fla. 2018).

Accordingly, based on *Miller*, *Torres-Rios*, and *Swanigan*, we reverse the postconviction court's denial of ground one of Gullo's motion. Since Gullo's consecutive mandatory minimum prison sentences at issue here were imposed under a plea agreement, and not after trial, the State, on remand, shall have the option either "to agree to a legal sentence or to withdraw from the plea agreement and proceed to trial on the original charges." *Echevarria v. State*, 296 So. 3d 543, 545 (Fla. 5th DCA 2020) (quoting *Almenares v. State*, 882 So. 2d 493, 495 (Fla. 5th DCA 2004)).

AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.

MAKAR and WALLIS, JJ., concur.
LAMBERT, J., concurs specially with opinion.

―――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――

3

LAMBERT, J., concurring specially with opinion.

I concur with the majority opinion because the cited binding precedent requires as much. My view, however, is that the text of section 775.087(2) permits Gullo's consecutive sentences, although I concede that the application of this statute to various factual scenarios has, at times, led appellate courts to conflicting views. *See Wanless v. State*, 271 So. 3d 1219 (Fla. 1st DCA 2019) (providing a comprehensive history of the statute's application and Florida Supreme Court precedent, including the court's continuing development of rules in the complex area regarding the legality of consecutive mandatory minimum prison sentences depending on the factual scenario).

To that end, I do agree with Judge Makar's observations in his concurring, in part, and dissenting, in part, opinion in *Wanless*, where he wrote "that our supreme court ought to bring greater clarity to this area of the law and, if possible, return to a textually-based jurisprudence; likewise, the legislature ought to consider clarifying the statutory framework to bring it into alignment with current criminal justice priorities." *Id.* at 1228 (Makar, J., concurring in part, dissenting in part).

4